UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAGE FLANAGIN,<br><br>    Plaintiff,<br><br>    v.<br><br>GEORGE GURBINO, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-00481-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 11)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

    Plaintiff Timothy Rage Flanagin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    On March 17, 2010, Plaintiff filed his Complaint. (ECF No. 1.) No other parties have appeared in this action.

    On July 29, 2010, Plaintiff filed a document titled "Order to Show Cause for Preliminary Injunction". (ECF No. 11.) The document appears to be a proposed order for signature by the Court directing Defendants to show cause why a preliminary injunction should not be issued against them. The Court construes it as a request for preliminary and

1

permanent injunctive relief declaring a prison regulation invalid and requiring that Plaintiff be served kosher meals.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and, in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04 (1998).

The standard for a permanent injunction is essentially the same as for a preliminary injunction, with the exception that the plaintiff must show actual success, rather than a likelihood of success. See Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 546 n.

12 (1987). However, the Ninth Circuit has recently revived the "serious questions" sliding scale test, and ruled that a preliminary injunction may be appropriate when a plaintiff demonstrates serious questions going to the merits and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about issuing a preliminary injunction and should not grant such relief unless the facts and law clearly favor the plaintiff." Committee of Central American Refugees v. I.N.S., 795 F.2d 1434, 1441 (9th Cir. 1986) (quoting Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984)).

In his motion, Plaintiff sets out the following facts: He applied to have kosher meals served to him. His request was denied because he was not Jewish and he did not practice Judaism, regulatory prerequisites to receiving kosher meals in prison. Plaintiff claims the regulation is biased and violates his First Amendment right to practice religion; it also places a substantial burden on his "sincerely held" religious beliefs and deprives him of his right to equal protection under the law.

At this stage in the proceedings, Plaintiff has failed to meet the legal requirements for a preliminary or permanent injunction. To succeed on a motion for a preliminary or

permanent injunction, Plaintiff must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Plaintiff has not met any of these standards.

First, Plaintiff has not demonstrated that he will succeed on the merits of his case. He does not state what religion he practices, why he requires kosher meals, or how not receiving kosher meals imposes a substantial burden on his religion. Second, he does not state how he is suffering irreparable harm because of the prison regulation. Finally, Plaintiff does not address the balance of equities or the public interest components at all.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's Motion for a Preliminary Injunction be DENIED.

The Court recognizes that Plaintiff's Complaint, which is yet to be screened, also requests a permanent injunction. In the event the Court finds that Plaintiff has stated a cognizable claim, the Court will revisit his request for injunctive relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(I). Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir.

////

////

4

1991).  See also Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

IT IS SO ORDERED.

Dated:     December 23, 2010            /s/ *Michael J. Seng*
ci4d6                                  UNITED STATES MAGISTRATE JUDGE