.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY RAGE FLANAGIN,<br><br>            Plaintiff,<br><br>     v.<br><br>GEORGE GURBINO, et al.,<br><br>            Defendants.<br>                                                     / | CASE NO.   1:10-cv-0481-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION FOR DISMISSAL OF PLAINTIFF'S COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY OBJECTION PERIOD |

Plaintiff Timothy Rage Flanagin ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's Complaint is currently before the Court for screening.  Plaintiff's Complaint fails to state a cognizable claim.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

-1-

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff is a state prisoner currently incarcerated at Kern Valley State Prison. Plaintiff was previously confined at California State Prison, Corcoran ("CSP-COR"), where all of the events alleged in the Complaint occurred. Plaintiff brings this action alleging violations of his First Amendment right to free exercise of religion, rights under the Equal Protection Clause, and rights under the Due Process Clause.

Plaintiff names the following individuals as defendants: 1) George Gurbino, Director of Corrections of the State of California, 2) R. Lopez, the Warden of CSP-COR, and 3) Y.

Carron, the rabbi at CSP-COR.

Plaintiff alleges as follows:

Plaintiff's request for kosher meals was denied because Plaintiff is not Jewish. On or about April 4, 2009, Plaintiff requested that he receive "religious kosher diet meals." (Compl. at 3.) After speaking with Defendant Carron, the rabbi, his request was denied because Plaintiff is not Jewish and does not study or follow Judaism. (Id.) Plaintiff's request was denied again after he filed a grievance with Defendant Lopez. (Id.) Plaintiff appealed his grievance further, and Defendant Gurbino denied it on July 13, 2009 on the ground that only Jewish inmates following Judaism were eligible for kosher meals. (Id.) Plaintiff has exhausted his administrative remedies. (Id.)

Plaintiff asks that the Court enter judgment declaring that Defendants' actions violated his rights under the Constitution and laws of the United States. He also requests a preliminary and permanent injunction ordering Defendants to stop violating his First Amendment right to the free exercise of religion and his right to equal protection under the laws. (Compl. at 5.) Plaintiff also asks for a jury trial, costs, and any additional relief that the Court deems proper.

### III.  ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements:

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### A.     First Amendment - Free Exercise of Religion

Plaintiff alleges that because his request for kosher meals was denied, his First Amendment right to freedom of religion has been violated.

Under the Constitution, "reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments." Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972). However, as with other First Amendment rights in the inmate context, prisoners' rights may be limited or retracted if required to "maintain [ ] institutional security and preserv[e] internal order and discipline." Bell v. Wolfish, 441 U.S. 520, 549 (1979). Only beliefs which are both sincerely held and rooted in religious beliefs trigger the Free Exercise Clause. Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008) (citing Malik v. Brown, 16 F.3d 330, 333 (9th Cir. 1994)); Callahan v. Woods, 658 F.2d 679, 683 (9th Cir. 1981)). Restrictions on access to "religious opportunities"-whether group services, chapel visits, or meetings with religious advisers-must be found reasonable in light of four factors: (1) whether there is a "valid, rational connection" between the regulation and a legitimate government interest put forward to justify it; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready

alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999) (en banc).

Fundamentally, Plaintiff has not alleged how CSP-COR's policy of denying non-Jewish inmates the right to kosher meals restricts Plaintiff's free exercise of his religion. Plaintiff has not stated what religion, if any, he follows or that its tenets restrict his diet to kosher foods. He has not triggered the Free Exercise Clause. Shakur, 514 F.3d at 884–85.

Even if he had properly brought the Free Exercise Clause into play, Plaintiff has not alleged any of the elements of a cognizable claim under the Free Exercise Clause. See Turner v. Safley, 482 U.S. 78, 89-90 (1987). He has not alleged that there is no rational penalogical justification for CSP-COR's policy of denying kosher meals to non-Jewish inmates, that there is no alternative means for him to obtain kosher meals, whether accommodation of his request would have an impact on guards or other inmates, or whether other alternatives for complying with his religion are available to him.

Plaintiff has failed to state a claim under the Free Exercise Clause of the First Amendment. Inasmuch as the allegations of his complaint do not suggest he belongs to any religion which restricts him to kosher meals, amendment would serve no useful purpose. Plaintiff's free exercise claim should be dismissed without leave to amend.

**B.    First Amendment - Establishment Clause**

Although Plaintiff does not state an intent to make a claim under the Establishment Clause of the First Amendment, that section may better accommodate his allegations. The Court will therefore also analyze his claims under the Establishment Clause.

The First Amendment of the United States Constitution proscribes, in part, any law "respecting an establishment of religion." In its evaluation of the contours of the Establishment Clause, the Supreme Court has repeatedly determined that prison inmates retain the protections afforded them by the First Amendment. O'Lone v. Shabazz, 482 U.S. 342, 348 (1987), superseded on other grounds by statute, Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc, et seq. "The clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." Larson v. Valente, 456 U.S. 228, 244 (1982). When the state action facially shows a preference for one religion over others, it must be analyzed under strict scrutiny. Id.; see also Hernandez v. Commissioner, 490 U.S. 680, 695 (1989).

Plaintiff has not, however, stated a cognizable claim under the Establishment Clause. He does not allege CSP-COR preferred one religion over another or any other form of favoritism. He alleges only that CSP-COR allows Jewish inmates to practice their religion by allowing them access to kosher meals.

Plaintiff fails to allege a violation of the Establishment Clause. Plaintiff's claim should be dismissed without leave to amend.

**C.     Equal Protection**

In a single sentence, Plaintiff alleges that his rights under the Equal Protection Clause have been violated because he was denied access to kosher meals.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated

against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

In this case, Plaintiff does not allege that he is a member of a suspect class. Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

However, Plaintiff has not alleged that he is a member of an identifiable class, that he was intentionally treated differently from others similarly situated, or that there was no rational basis for the treatment he received in his allegations.

Plaintiff has failed to state a cognizable claim for violation of the Equal Protection Clause against Defendants. Plaintiff's claim should be dismissed without leave to amend.

**D.     Due Process**

Plaintiff alleges that "prohibiting [his] [First] Amendment rights" constitutes a violation of the Due Process Clause. (Compl. at 4.) Plaintiff does not state which Due Process Clause he is referring to, but it appears that he is referring to the Fourteenth Amendment.

The Ninth Circuit has found that

> [t]o establish a violation of substantive due process ..., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims.

Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted) overruled on other grounds by Unitherm Food Systems, Inc.v. Swift Eckrich, Inc., 546 U.S. 394 (2006); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). In this case, the First Amendment and the Equal Protection Clause of the Fourteenth Amendment "provides [the] explicit textual source of constitutional protection...." Patel, 103 F.3d at 874. Therefore, the First Amendment and the Equal Protection Clause rather than the Due Process Clause of the Fourteenth Amendment govern Plaintiff's constitutional claims. As noted, Plainitff can not state a claim under either.

**IV.    CONCLUSION**

For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Although the Court is inclined to give leave to amend where there is a realistic possibility amendment could enable statement of a claim, for the reasons stated

above, the Court finds that amendment would be futile in this matter. Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed, with prejudice, for failure to state a claim under Section 1983 and that Plaintiff not be given leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  December 13, 2011          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

-9-